# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13 cr 50
# 1:13 mj 35

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOSEPH ANTHONY SENTELL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** came before the undersigned on July 23, 2013 for the purpose of a preliminary hearing and a detention hearing in regard to allegations contained against Defendant in a Criminal Complaint (#1). After completion of the preliminary hearing, the undersigned called the matter on for a detention hearing. At that time, Mary Ellen Coleman, counsel for Defendant made an oral motion contending that the Government was not entitled to a detention hearing in this matter. The undersigned directed that written briefs be filed by Defendant and the Government and further directed that the detention hearing be rescheduled for July 25, 2013. After considering the briefs, the arguments of counsel for Defendant and the Assistant United States Attorney, the Court makes the following findings:

**Findings.** On July 11, 2013, a Criminal Complaint (#1) was filed in this matter by Jeffrey Brooks, a Detective in the employ of the Henderson County, North Carolina Sheriff's Office. Det. Brooks is assigned to the Federal Bureau of Investigation's North Carolina Joint Terrorism Task Force. In the Criminal Complaint, Det. Brooks charged Defendant with making a false and fictitious statement in order to obtain a firearm in violation of 18 U.S.C. § 922(a)(6).

Det. Brooks was presented as a witness by the Government. Det. Brooks testified that in April of 2011 the Henderson County Sheriff's Office went to the home of Defendant in response to a call that acts of violence were being committed against Defendant by Defendant's adult son. In the Defendant's home, officers of the Henderson County Sheriff's Office found approximately a dozen firearms. Included in that number was a .30 caliber Browning belt-fed machine gun that was mounted on a tripod in the bedroom of Defendant. The Browning machine gun was pointed at the center of the driveway leading up to Defendant's home. Although the automatic mechanism had been rendered inoperable, the machine gun could be fired by simply pulling the trigger. The machine gun was loaded with a belt of ammunition leading down into an ammunition canister. Three other AR type 9mm weapons were found in the home also mounted on tripods.

Det. Brooks further testified that in November of 2012, officers of the Henderson County Sheriff's Office were advised that Patricia Ballard, sister of Defendant, had received a message from Defendant on her telephone that was threatening in nature. Later, on November 6, 2012, officers of the Henderson County Sheriff''s Department received information that Tammy Revis, another sister of Defendant, had received a message from Defendant that was threatening in nature and further advising that Defendant was going to the work place of Ms. Revis, which is a school in Henderson County, North Carolina with the intent to harm Ms. Revis. Officers of the Henderson County Sheriff's Department locked down three schools, including Bruce Drysdale Elementary School which was later found to be the school where Ms. Revis was employed as a cook. Defendant was stopped by law enforcement officers on his way to the Bruce Drysdale Elementary School. In his possession were multiple firearms. Defendant was arrested and in January 2013 entered pleas of guilty to resisting public officers and three counts of disorderly conduct. He was sentenced to a 45-day active sentence.

Det. Brooks further testified that on November 20, 2012, Patricia Ballard, sister of Defendant, told officers with the Henderson County Sheriff's Office that Defendant had threatened to "blow up" the Henderson County Sheriff's Office so that Defendant could be named as the sheriff of the county.

Defendant was involuntary committed for mental health evaluation at Parkridge Hospital on January 12, 2013 and remained committed for mental health evaluation through January 16, 2013.

On May 6, 2013 Defendant presented himself at the "Wal-Mart" store in Asheville, North Carolina. This company is a licensed Federal Firearms dealer and sells firearms. At that time, Defendant signed and submitted an ATF Form 4473 in an attempt to purchase a 30-06 Remington Arms Rifle. On that document, Defendant was asked "Have you ever been adjudicated mentally defective or have you ever been committed to a mental institution?" Defendant answered this question "No". Testimony presented by Det. Brooks further showed that Defendant attempted on two additional occasions to purchase a firearm and had made similar false statements on each ATF Form 4473.

The undersigned questioned Det. Brooks in regard to the cause of the dispute between Defendant and his sisters. Det. Brooks testified that Defendant was upset with his sisters concerning the distribution of the estate of Defendant's mother and father which had been completed eighteen years ago.

**Discussion.**

I.     Is the Government entitled to a detention hearing?

The Government moved that Defendant be detained and Defendant, through

his attorney, objected and argued that the Government was not entitled to request a detention hearing. 18 U.S.C. § 3142(f) provides as follows:

> **(f) Detention hearing.**----The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community----
>
> > **(1)** upon motion of the attorney for the Government, in a case that involves---
> >
> > **(A)** a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> > **(B)** an offense for which the maximum sentence is life imprisonment or death;
> > **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
> > **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more Sate or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
> > **(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or

> **(2)** Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves---
> **(A)** a serious risk that such person will flee; or
> **(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

Defendant contends in his brief that the crime of making a false statement to a firearms dealer in violation of 18 U.S.C. § 922(a)(6) does not fall within any of the enumerated reasons for a detention hearing as set forth under 18 § 3142(f). The Government contends that a violation of 18 U.S.C. § 922(a)(6) involves a crime of violence; involves possession of a firearm, and involves a serious risk that Defendant will attempt to obstruct justice or injure prospective witnesses.

There does not seem to be a case directly on point as to whether or not an alleged violation of 18 U.S.C. § 922(a)(6) is a crime that involves an act of violence or involves a serious risk that Defendant will attempt to obstruct justice or injure a witness. There are cases in which defendants have been detained based upon allegations that detainee violated 18 U.S.C. § 922(a)(6) because the offense involved a possession or use of a firearm. United States v. Whitlock, 2011 WL 1843007 (D.Ariz., 2011) and United States v. Kaminsky, 2011 WL 3321312 (M.D.N.C., 2011). However, in each of the cases, defendant was charged with other violations. In United States v. Culthbertson, 2010 WL 4506476 (W.D.N.C.

2010) [1] the presiding magistrate judge conducted a detention hearing for a defendant charged with a violation of 18 U.S.C. § 922(a)(6) and the order subsequently issued detaining the Defendant was approved by Chief Judge Robert J. Conrad.

18 U.S.C. § 3142(f)(1)(E) describes that a detention hearing may be held upon motion of the attorney for the Government for "any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive devise." The undersigned finds in this case, based upon its specific facts, that the allegations against Defendant do involve at least an attempt to possess or use a firearm. The history of Defendant regarding firearms is troublesome, to say the least. His possession and ownership of a Browning .30 caliber machine gun, although legal, brings into question what could be its possible use. A Browning .30 caliber machine gun was designed for one purpose, that being to kill human beings in combat. The undersigned further finds extremely troublesome the threats that were made by Defendant to his sisters and the fact that Defendant was arrested on his way to fulfill his threats against his sister while she was working at an elementary school and his possession of firearms while he was traveling to the school. Events that occurred on December

---

1 Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

14, 2012 at Sandy Hook Elementary School which involved a person with mental difficulties who shot twenty children and six school staff, lead the undersigned to believe that the threats made by the Defendant to his sister and his subsequent trip to the elementary school where his sister worked could have had a similar result. The Defendant's efforts to obtain firearms and the timing of those efforts are troublesome. The Defendant attempted to obtain a Remington 30-06 rifle. The only purpose for having such a rifle is for hunting big game, such as bear and deer. The hunting season in North Carolina does not begin until October and the Defendant was attempting to purchase the rifle in May. The Defendant contends his violation is simply a paperwork violation. However, when compared with the Virginia Tech shootings of April 16, 2007, the undersigned is not persuaded. The shooter in the Virginia Tech massacre, Seung-Hoi Cho, obtained a firearm by giving a false statement on an ATF Form 4473 and then killed 32 fellow students and wounded seventeen others with that firearm. Also troublesome is the evidence that Defendant desired to "blow up" the Henderson County Sheriff's Office so that Defendant could be named as sheriff of the county. Considering this statement, it appears that Defendant intended for the sheriff to die so that Defendant could take his place.

In United States v. Kaminsky, Judge Patrick Auld discussed the nature of the offense that is described in 18 U.S.C. § 922(a)(6).

> The nature and circumstances of the offenses charged against the defendant are serious and raise significant concerns about the risk of danger his release would pose, *see, e.g.* Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 116 (1983) ("A person adjudicated as a mental defective my later be adjudged competent, and a person committed to a mental institution later may be deemed cured and released. Yet Congress made no exception for subsequent curative events. The past adjudication or commitment disqualifies. Congress obviously felt that such a person, though unfortunate, was too much of a risk to be allowed firearms privileges."), *abrogated in part by statute on other grounds as recognized in Yanez-Popp v. United States Immigration & Naturalization Serv.*, 998 F.2d 231, 236 (4th Cir. 1993); United States v. Yancey, 621 F.3d 681, 685 (7th Cir. 2010) (describing "the mentally ill as more likely to have difficulty exercising self-control, making it dangerous for them to possess deadly firearms"); United States v. Midgett, 198 F.3d 143, 146 (4th Cir. 1999) (observing that defendants with "proven history of mental instability---fall within class of persons who by reason of their status, Congress considered too dangerous to possess guns"; United States v. Burhoe, 578 F.Supp.2d 195, 204 (D.Me. 2008) ("the charge is possession of a firearm by a person previously involuntarily committed to a mental health institute, an alleged violation of 18 U.S.C. § 922(g)(4). This crime is potentially very serious and carries significant potential penalties."); 18 U.S.C. § 3142(g)(1) (identifying question of whether offense "involves a …firearm" as among important factors in assessment of nature of offense);

Under the facts of this case, the Court gave a broad reading to the terms "involves the possession or use of a firearm" and determined the motion of Defendant to preclude the Government from requesting detention of Defendant should be denied and then proceeded to conduct a detention hearing for Defendant.

II. <u>The detention hearing</u>.

Considering the evidence presented in this matter, the undersigned finds that the allegations against Defendant do involve an attempt to possess or use a firearm. As a result, the undersigned went forward and conducted a detention hearing for defendant and denied Defendant's motion.

**18 U.S.C. § 3142(g)** provides as follows:

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

    **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The undersigned finds that the nature and circumstances of the offense charged involve the potential of a crime of violence and involves a potential of Defendant obtaining illegal possession of a firearm. The evidence shows that Defendant has threatened his sisters and Defendant had, in the past, traveled in the direction of an elementary school with the intent to assault his sister with the use of firearms while she was at an elementary school.

The weight of the evidence appears to be at the level of probable cause. The undersigned finds that Defendant is in poor physical and mental condition. Defendant travels in a wheelchair but can also walk on occasion. Defendant is disabled and cannot work. Defendant has family ties, that being his adult children, but he has been a victim of violence at the hand of one of those children. Defendant further has family ties, that being his two sisters, but the evidence shows he has threatened to harm and injure his sisters. Defendant has a long length of residence in the community. Defendant, at one time, did have a problem with the use of alcohol but he has not used alcohol for the past twenty years. Defendant has the following criminal convictions:

| Date | County | Offense | Conviction |
|---|---|---|---|
| 4/6/09 | Henderson | Resisting a public officer | 7/31/09 |
| 11/6/12 | Henderson | 3 counts of disorderly conduct, one count of resisting arrest | 1/10/13 |

It does not appear that Defendant has ever failed to appear at any type of court proceeding.

It does not appear from the evidence that Defendant was on probation, parole, or other release pending trial, sentencing, appeal or completion of sentence for any offense.

The evidence clearly and convincingly shows that the release of Defendant would create a risk of harm or danger to any other person or the community.  In November 2012, Defendant threatened both of his sisters.  At that time, he further threatened to come to the place of employment of one of his sisters to cause her injury.  That sister worked as a cook at an elementary school.  When Defendant was apprehended he was on his way to the elementary school and was found with three firearms in his possession.  At one time, Defendant owned over a dozen weapons, including a .30 mm Browning machine gun.  The evidence further shows that Defendant pled guilty to three counts of disorderly conduct concerning a school and resisting arrest in January of 2013, immediately after he had been involuntarily committed for treatment.  After Defendant was released from his active sentence of confinement in prison, Defendant then attempted, on several occasions, to obtain other firearms.  These factors show, clearly and convincingly, that the release of Defendant would create a risk of harm or danger to any other

person or the community, that being Defendant's sisters and the public in general. Based upon the foregoing, the undersigned has determined to enter an order detaining Defendant.

The undersigned does not find by a preponderance of the evidence that the release of Defendant would create a risk of flight on his part.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the oral motion of Defendant seeking a declaration from this Court that the Government could not request the detention of Defendant is hereby **DENIED** and that Defendant be **DETAINED** pending further orders of the Court.

Signed: August 15, 2013

Dennis L. Howell
United States Magistrate Judge