THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:13-cr-00050-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JOSEPH ANTHONY SENTELL. | ) | |

**THIS MATTER** comes before the Court upon the Defendant's Notice of Appeal and Motion to Revoke Detention Order. [Doc. 9] and the Defendant's Motion to Seal Supplemental Memorandum [Doc. 15].

On July 22, 2013, the Defendant was charged in a criminal complaint with making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). [Doc. 1]. The Honorable Dennis L. Howell, United States Magistrate Judge, detained the Defendant after a hearing on July 25, 2013.[1] [Docs. 6, 13].

---

[1] The Magistrate Judge commenced the detention hearing on July 24, 2013, but at that time counsel for the Defendant made an oral motion contending that the Government was not entitled to a detention hearing. The Magistrate Judge directed counsel for the parties to file written briefs on the issue and rescheduled the detention hearing for the following day. Although these hearings were not transcribed, the Court has reviewed an audio recording of those proceedings.

At the detention hearing, the Government presented the testimony of Detective Jeffrey Brooks, a detective employed by the Henderson County Sheriff's Office and assigned to the Federal Bureau of Investigation's North Carolina Joint Terrorism Task Force.  Through Detective Brooks, the Government presented evidence regarding the Defendant's prior history with guns and violence, including an incident in November 2012 in which the Defendant threatened violence to his sister and was intercepted while in the possession of firearms on the way to the elementary school where she worked.  Detective Brooks also testified to another incident in November 2012 in which the Defendant threatened to "blow up" the Henderson County Sheriff's Office and become the Sheriff; and an incident in which officers were called to the Defendant's home for a complaint of domestic violence against the Defendant by his son and discovered approximately a dozen firearms, including a Browning machine gun mounted on a tripod and pointed at the center of the driveway leading up to the Defendant's house.  Additionally, the Government proffered evidence that the Defendant was involuntarily committed for a mental health evaluation in January 2013, and that he subsequently attempted on three separate occasions to purchase firearms.

The Magistrate Judge found that a detention hearing was appropriate in light of the fact that the offense charged involved the possession and/or use of a firearm.[2] The Magistrate Judge further found, by clear and convincing evidence, that no combination of conditions would reasonably assure the safety of any other person or the community and therefore detained the Defendant.

In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order *de novo*. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). In so doing, the Court "must make an independent determination of the proper pretrial detention or conditions of release." Id. After conducting an independent review, the Court may explicitly adopt the Magistrate Judge's Order without making duplicate findings, or may state additional reasons supporting pretrial detention. United States v. King, 849 F.2d 485, 490-91 (11th Cir. 1988).

The Court has reviewed the entire record in this case *de novo*. The Court concludes that the Magistrate Judge correctly concluded that the Government was entitled to a detention hearing, as the offense charged

---

[2] It should be noted that the Defendant was subsequently charged in a Bill of Indictment with three counts of violations of 18 U.S.C. § 922(a)(6), along with three counts of violations of 18 U.S.C. § 924(a)(1)(A). [Doc. 8]. Thus, the Magistrate Judge's conclusion that a detention hearing was warranted remains equally applicable following the Indictment.

involves the possession or use of a firearm.  See 18 U.S.C. § 3142(f)(1)(E). [See also Detention Order, Doc. 13 at 6-9].  The Court further finds that the Magistrate Judge correctly assessed the factors set forth in 18 U.S.C. § 3142(g) in reaching the conclusion that the Defendant should be detained. Accordingly, the Court adopts the Magistrate Judge's Order.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Supplemental Memorandum [Doc. 15] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Revoke Detention Order [Doc. 9] is **DENIED**.

**IT IS SO ORDERED.**   Signed: September 6, 2013

Martin Reidinger
United States District Judge